IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN JEROME BURTON, JR., | ) | |
| AIS # 185425, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-CV-757-WKW |
| | ) | [WO] |
| JOSEPH H. HEADLEY,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Morgan Jerome Burton, Jr., a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.  Petitioner challenges his 2012 judgment of conviction for second-degree rape in the Circuit Court of Lee County, Alabama and the resulting sentence of 20 years and 3 months under Alabama's Habitual Felony Offender Act.  Based on a preliminary review of the petition, it "plainly appears" that Petitioner is not entitled to relief because his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).  *See* Rule 4, *Rules Governing Section 2254*

---

[1] Petitioner names Joseph H. Headley, who is the warden of Staton Correctional Facility in Elmore, Alabama.  He also names additional Respondents:  Robert Treese, III; Lauryn Lauderdale; Jacob Walker, III; Jessica Ventiere; and Andrew Stanley.  The United States Supreme Court has made clear that the proper respondent in federal habeas cases is the custodian of the institution having custody of the petitioner at the time the petition is filed.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  Thus, Joseph H. Headley is the only proper respondent, and the other named individuals will be dismissed.

*Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*]. However, because the court has raised § 2244(d)(1)(A)'s time bar on its own, both Petitioner and Respondent will have an opportunity to present their positions. Additionally, to the extent this petition contains claims under 42 U.S.C. § 1983, they will be dismissed.

## II. JURISDICTION

Under 28 U.S.C. § 2254(a), federal district courts have the authority to consider an application for a writ of habeas corpus on behalf of an individual in state custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This provision limits authority, rather than conferring it, with habeas jurisdiction established by 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Under § 2241, federal district courts have the power to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), when a state-convicted prisoner "is in custody in violation of the Constitution, " § 2241(c)(3). The "in-custody" requirement mandates that the habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).

Petitioner was in custody under a state-court judgment when he filed this petition. Furthermore, since Petitioner was incarcerated for his state offenses in a

state prison located in the Middle District of Alabama at the time of filing and was convicted and sentenced by a state court in this district, this court has jurisdiction to consider his petition.  *See* § 2241(d).

## III.  STANDARD OF REVIEW

Rule 4 of the *Rules Governing § 2254 Cases* requires the district court to conduct a preliminary review of a 28 U.S.C. § 2254 petition and to dismiss it without ordering the State to file an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  The purpose of Rule 4 is for district courts "to screen out frivolous applications" and "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (per curiam) (citation omitted).  A § 2254 petitioner is not entitled to relief if it plainly appears from the petition that the claims are barred by the one-year limitation period in § 2244(d)(1)(A).  The dismissal of a habeas petition as time barred is considered a dismissal on the merits and with prejudice.  *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

"[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).  Prior to dismissing a petition on this ground, however, the district court must "accord the parties fair notice and an opportunity to present their positions."

*Id.* at 210.  In line with *Day*, the Eleventh Circuit has held that a court may dismiss a habeas petition as time-barred under Rule 4 of the *Rules Governing § 2254 Cases* without first requiring an answer from the respondent, provided that (1) the petitioner receives "notice of [the] decision and an opportunity to be heard in opposition," *Paez*, 947 F.3d at 653, and (2) the respondent is similarly notified and given "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense," *id.* at 655.

## IV. BACKGROUND

### A.  <u>State Court Trial Proceedings and Appeal</u>

On October 24, 2012, Petitioner was convicted after a jury trial in the Circuit Court of Lee County, Alabama, of second-degree rape in violation of § 13A-6-62 of the Alabama Code.[2]  *See State of Alabama v. Burton*, Case No. CC-2011-40.00 (Lee Cnty. Cir. Ct.).  On December 11, 2012, he was sentenced to 21 years and 3 months under Alabama's Habitual Felony Offender Act, *see* Ala. Code § 13A-5-9(c)(2).  Petitioner filed a direct appeal in the Alabama Court of Criminal Appeals.  In a memorandum opinion, the Alabama Court of Criminal Appeals affirmed the circuit

---

[2] The facts pertaining to Petitioner's state court case are from Alacourt, available at https://v2.alacourt.com/, which provides online access to the State of Alabama's state trial court records.  A federal court may take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (per curiam); Fed. R. Evid. 201(b)(2).  The relevant state-court documents are attached to this Memorandum Opinion and Order and are, therefore, part of the record.  *See Paez*, 947 F.3d at 653 (observing that the "best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them").

4

court's judgment on May 24, 2013. (Ct. Ex. 1.) Petitioner then filed an application for rehearing in the Alabama Court of Criminal Appeals. On June 21, 2013, the Alabama Court of Criminal Appeals overruled Petitioner's application for rehearing. (Ct. Ex. 2.) Petitioner then had 14 days to file a petition for a writ of certiorari in the Alabama Supreme Court. *See* Ala. R. App. P. 39(c)(2) ("The petition for the writ of certiorari shall be filed with the clerk of the Supreme Court pursuant to Rule 25(a), within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing."). The state court's electronic records do not show any such filing.[3] Subsequently, on September 18, 2013, the Alabama Court of Criminal Appeals issued the certificate of judgment in accordance with Rule 41 of the Federal Rules of Appellate Procedure.[4] (Ct. Ex. 3; Doc. # 1 at 2.)

The state's electronic records do not indicate that Petitioner filed a petition for a writ of certiorari in the United States Supreme Court. In his petition, Petitioner

---

[3] Contrary to these records, Petitioner claims that he filed a petition for a writ of certiorari in the Alabama Supreme Court, which allegedly was denied on February 24, 2014. (Doc. # 1 at 2–3.) However, the only order dated February 24, 2014, in the state's electronic records is from the Alabama Court of Criminal Appeals, which denied Petitioner's petition for a writ of mandamus requesting the appellate court to direct the circuit court to take action. (Ct. Ex. 5.) This order also vacated the Alabama Court of Criminal Appeals' prior order dated October 9, 2013 ("October 9, 2013 Order"), which stated that Petitioner had filed an application for a writ of certiorari in the Alabama Supreme Court. (Ct. Ex. 4.) The vacatur of the October 9, 2013 Order implicitly revokes this latter statement, but without further explanation, creates ambiguity in the record as to whether Petitioner filed an application for a writ of certiorari in the Alabama Supreme Court.

[4] The Alabama Court of Criminal Appeals' October 9, 2013 Order indicated that it had not yet issued the certificate of judgment (Ct. Ex. 4), but, as stated, that Order was vacated on February 24, 2014. (Ct. Ex. 5.) The Alabama Court of Criminal Appeals had, in fact, issued the certificate of judgment. (Ct. Ex. 3.)

confirms this by indicating "no" to the question, "Did you file a petition for certiorari in the United States Supreme Court?" (Doc. # 1 at 3.)

## B.    Post-Conviction Remedies in State Court

Rule 32 of the Alabama Rules of Criminal Procedure governs post-conviction remedies in state court. *See* Ala. R. Crim. P. 32.1–32.10. Under Rule 32.2(c), with exceptions not applicable here, a state inmate has one year from the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals to file a petition for post-conviction relief. This one-year limitation period applies to petitions filed on the grounds specified in Rule 32.1(a), which are that "[t]he constitution of the United States or of the State of Alabama requires a new trial, a new sentence, or other relief," Ala. R. Crim. P. 32.2(c).

Petitioner did not file a Rule 32 petition in the state trial court seeking post-conviction relief within one year of the Alabama Court of Criminal Appeals' issuance of the certificate of judgment on September 18, 2013.[5] Although in his federal habeas petition he marked the box indicating that he raised his claims "through a post-conviction motion or petition for habeas corpus in a state trial court,"

---

[5] Petitioner filed a motion for reconsideration and resentencing in the Circuit Court of Lee County, which was docketed on February 6, 2014, arguing ineffective assistance of counsel during the sentencing proceeding. (Ct. Ex. 6.) The circuit court denied the motion in a one-sentence order on February 13, 2014, without providing any reasoning. (Ct. Ex. 7.) There are no records in Alacourt indicating that Petitioner sought appellate review of the circuit court's denial. Notably, the circuit court did not construe or label this motion as a Rule 32 petition. However, even assuming for argument's sake that it is a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), its filing does not alter the conclusion of this Memorandum Opinion and Order, which is that this federal habeas petition is untimely.

Petitioner refers to one of the 42 U.S.C. § 1983 complaints he filed in 2023 in the Middle District of Alabama:  *Burton v. Walker*, Case No. 3:23-cv-499-MHT-CSC (M.D. Ala. filed Aug. 17, 2023).  (*See* Doc. # 1 at 6–8.)

The only hint that Petitioner might have attempted to later file an *untimely* Rule 32 petition is contained in the order entered by the Circuit Court of Lee County on November 3, 2021 ("November 3, 2021 Order").  (Ct. Ex. 8.)  The November 3, 2021 Order provides:

> The Defendant has filed a Petition for Habeas Corpus.  A petition for Habeas Corpus should be filed in the county where the defendant is incarcerated.  Therefore, this matter is transferred to Elmore County.  However, if the Defendant actually intended to file a Rule 32 petition, he should refile this matter in the Circuit Court of Lee County using the appropriate Rule 32 forms.

(Ct. Ex. 8.)  Petitioner appears to acknowledge this Order in his federal habeas petition, stating that although he was "directed to a[] Rule 32 form," he instead filed a 42 U.S.C. § 1983 complaint in the Middle District of Alabama.  (*See* Doc. # 1 at 8.)  His § 1983 complaint is not a Rule 32 petition.  Furthermore, nothing filed in state court during this timeframe would be timely for purposes of Rule 32.

## C.    The Instant Federal Habeas Petition

Petitioner filed the instant federal habeas petition on November 21, 2024,[6] challenging his 2012 second-degree rape conviction and sentence.  (Doc. # 1 at 1.)

---

[6] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a

The court has endeavored to interpret Petitioner's somewhat disjointed claims. First, he contends that the sentence imposed under Alabama's Habitual Felony Offender Act was predicated on a prior felony conviction that was subsequently determined to be illegal and unlawful through administrative court proceedings. (Doc. # 1 at 5.) Second, he alleges that the state officials responsible for his unlawful conviction and sentence are also accountable for the unconstitutional conditions of his confinement. (Doc. # 1 at 7.) Third, he raises unspecified claims of ineffective assistance of trial, sentencing, and appellate counsel. (Doc. # 1 at 7.) Fourth, Petitioner asserts that, as outlined in his prior 42 U.S.C. § 1983 complaint forms, the state court lacks adequate remedies to address the issues he raises. Because he contends that public officials failed to protect his rights or provide suitable relief from Alabama's Habitual Felony Offender Act, these officials are liable for their inaction. (Doc. # 1 at 8.)

Petitioner brings these claims alleging violations of the Fifth Amendment's Due Process Clause, the Sixth Amendment right to effective assistance of counsel, and the Fourteenth Amendment's Equal Protection Clause. He seeks to have his allegedly unconstitutional conviction, which he says voids his sentence, exonerated. He also requests $14 million in damages. (Doc. # 1 at 16.)

---

filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Petitioner signed his petition under penalty of perjury, asserting that he "placed [his petition] in the prison mailing system on" November 21, 2024. (Doc. # 1 at 16.)

The form Petitioner used to file his § 2254 petition contains a section that directs a petitioner whose judgment of conviction became final more than one year earlier to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition." (Doc. # 1 at 14.)  While Petitioner filled out this section, his explanation does not address this time bar.  Rather, Petitioner argues that his injuries were directly caused by his allegedly unconstitutional conviction and sentence under Alabama's Habitual Felony Offender Act.  He asserts that his unlawful sentence, along with those of others similarly affected by this Act, has contributed to overcrowded prison conditions and that this overcrowding led to his being attacked by another inmate, causing him severe injuries in May 2020.  He contends that these conditions and his injuries were caused by the unconstitutional actions of state officials, as demonstrated in his prior civil actions under 42 U.S.C. § 1983 and the instant 28 U.S.C. § 2254 petition.  (Doc. # 1 at 14–15.)

## V.  DISCUSSION

The discussion is divided into two parts. The first part explains why it plainly appears that Petitioner's claims are time-barred under § 2244(d)(1)(A) and why the § 2254 petition does not provide grounds for tolling or any other exception to the time bar.  The second part informs Petitioner that disguised 42 U.S.C. § 1983 claims cannot be included in this habeas petition and that any such claims will be dismissed.

A.    **The AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[7] 28 U.S.C. § 2244(d)(1).  The one-year limitation period begins when the state-court judgment is considered final, as defined by the AEDPA, not state law. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  The AEDPA specifies two alternative dates on which a state-court judgment becomes final:  (1) at the "conclusion of direct review" or (2) upon the "expiration of the time for seeking such review."  § 2244(d)(1)(A).

In *Gonzalez*, the Supreme Court established that § 2244(d)(1)(A)'s text "consists of two prongs" with distinct applications:

> For petitioners who pursue direct review all the way to th[e United States Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"— when the time for pursuing direct review in this Court, or in state court, expires.

565 U.S. at 150.  The issue in *Gonzalez* centered on identifying when a judgment becomes final under § 2244(d)(1)(A) if on direct appeal, a state petitioner forgoes review in the state's highest court. *Id.* at 139–40, 148.  There, the state petitioner pursued a direct appeal to the intermediate state appellate court but did not seek

---

[7] The petition contains no facts that would trigger the application of § 2244(d)(1)(B)–(D).

discretionary review in the state's highest court. *See id.* at 138. The Supreme Court held that the judgment became final under § 2244(d)(1)(A) when the time for seeking discretionary review in the state's highest court expired under the state court's filing deadlines. *See id.* at 150 ("We . . . agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

The Supreme Court rejected the argument that the issuance of the state court's mandate, which occurred approximately six weeks after the petitioner's time to seek review in the state's highest court had lapsed, signified the conclusion of direct review under § 2244(d)(1)(A). *See id.* at 153. Hence, under *Gonzalez*'s principles, the Alabama Court of Criminal Appeals' certificate of judgment does not dictate the start of the one-year limitation period under § 2244(d)(1)(A). *See Kutschenreuter v. McClain*, 2022 WL 738735, at *2 (N.D. Ala. Mar. 11, 2022) ("Because [the petitioner's] time for seeking direct review by filing a petition for a writ of certiorari in the Alabama Supreme Court expired on July 17, 2014, *see* Ala. R. App. P. 39(c), 40(c), her federal habeas time began to run on July 18, 2014, *not on July 23, 2014 when the Alabama Court of Criminal Appeals issued the Certificate of Judgment*." (emphasis added) (citing *Gonzalez*, 565 U.S. at 137)).

Petitioner falls within the second category of *Gonzalez* petitioners—those whose judgment of conviction "becomes final at the 'expiration of the time for seeking such review' . . . in state court." 565 U.S. at 150.  Under *Gonzalez*, in Alabama, where a petitioner files an application for rehearing in the Alabama Court of Criminal Appeals and it is denied, but he does not seek certiorari in the Alabama Supreme Court, the conviction becomes final 14 days after the Alabama Court of Criminal Appeals' denial.  Under Alabama Rule of Appellate Procedure 39(c)(2), a party has 14 days from the date of the Alabama Court of Criminal Appeals' decision to file a petition for writ of certiorari in the Alabama Supreme Court.  *See* Ala. R. App. P. 39(c)(2) ("The petition for the writ of certiorari shall be filed . . . within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing.").

Here, the Alabama Court of Criminal Appeals denied Petitioner's application for rehearing on June 21, 2013.  (Ct. Ex. 2.)  As a result, the deadline to file a petition for a writ of certiorari in the Alabama Supreme Court was July 5, 2013.  *See* Ala. R. App. P. 26 (defining how to compute "any period of time prescribed by these rules" and, as relevant here, "the day of the act. . . from which the designated period of time begins to run shall not be included" but "[t]he last day of the period shall be included").  Because a petition for a writ of certiorari was not filed, the one-year limitation period under § 2244(d)(1)(A) began to run the next day on July 6, 2013.

*See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017) ("The limitation period began to run the day after the conviction and sentence became final . . . ." (citing *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to the calculation of the AEDPA's one-year limitation period and explaining that the limitation period therefore begins to run from the day after the day of the event that triggers the period))).

Even if it assumed for argument's sake that Petitioner filed a timely petition for a writ of certiorari in the Alabama Supreme Court, *see supra* note 3, and that the Alabama Supreme Court denied the petition on the same day the Alabama Court of Criminal Appeals issued the certificate of judgment, which was September 18, 2013, that assumption does not overcome the time bar. Under this hypothetical timeline, the one-year limitation period under § 2244(d)(1)(A) would have commenced on December 18, 2013, the day after the 90-day deadline for filing a petition for certiorari with the United States Supreme Court.[8]  *See* Rule 13.1, *Rules of the Supreme Court of the United States* ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by

---

[8] Although the Alabama Court of Criminal Appeals' certificate of judgment does not control the start of the one-year limitation period under § 2244(d)(1)(A), for this hypothetical scenario, it is assumed that the Alabama Supreme Court would have denied any timely petition for a writ of certiorari no later than the certificate of judgment's issuance date.

a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment.").

Under these scenarios, Petitioner's one-year limitation period to file a federal habeas petition commenced either (1) on July 6, 2013, and expired on July 6, 2014, or (2) on December 18, 2013, and expired on December 18, 2014. *See Downs v. Mitchell*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that § 2244(d)(1)'s "limitations period expires on the anniversary of the date it began to run"). Petitioner's federal habeas petition, filed nearly a decade later, comes too late under § 2244(d)(1)(A).

**B.    Statutory Tolling, Equitable Tolling, and Actual Innocence**

An otherwise untimely petition under 28 U.S.C. § 2254 may be considered only if the petitioner demonstrates either entitlement to tolling or a fundamental miscarriage of justice.   As explained below, Petitioner has not identified facts establishing that tolling applies or that a fundamental miscarriage of justice occurred.

**1.    *Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."   A properly filed state-court application must be pending during § 2244(d)(1)(A)'s one-year limitation period for tolling to occur.   In other words, "[a] state court petition . . . that is filed

14

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam).

Two points are noteworthy here.  First, Petitioner filed a motion for reconsideration and resentencing in the Circuit Court of Lee County, which was docketed on February 6, 2014.  *See supra* note 5.  The motion argued ineffective assistance of counsel during the sentencing proceeding.  (Ct. Ex. 6.)  The circuit court denied the motion on February 13, 2014 (Ct. Ex. 7), and there is no indication in Alacourt that Petitioner sought appellate review of the circuit court's denial.  Even if it is assumed, for argument's sake, that the motion qualifies as a "properly filed application for State post-conviction or other collateral review," § 2242(d)(2), this brief tolling period would not render the filing of this federal habeas petition on November 21, 2024, timely.  *See supra* note 6.

Second, even if Petitioner had filed a Rule 32 petition in response to the Circuit Court of Lee County's November 3, 2021 Order—which advised that "if the Defendant actually intended to file a Rule 32 petition, he should refile this matter in the Circuit Court of Lee County using the appropriate Rule 32 forms" (Ct. Ex. 8)— that filing would not have tolled the limitation period under § 2244(d)(2).  That is because "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be

tolled." *Webster*, 199 F.3d at 1259.  Therefore, statutory tolling under § 2244(d)(2) cannot be applied to the one-year limitation period under § 2244(d)(2).

### 2.    *Equitable Tolling*

Equitable tolling of § 2244(d)(1)(A)'s one-year limitation period applies where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).  Equitable tolling is "an extraordinary remedy" and, thus, is "limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted).  "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam).

Petitioner has not alleged that extraordinary circumstances prevented him from filing his § 2254 petition on time or that he pursued his rights diligently during the decade between the state-court judgment's finality and the filing of this petition. The § 2254 form requires Petitioner to address the one-year limitation period if the challenged state-court judgment became final over a year ago.  Rather than discussing timeliness, Petitioner claims his injuries resulted from an unconstitutional conviction and sentence under Alabama's Habitual Felony Offender Act, which led to overcrowded prison conditions and an attack by another inmate.  This argument

focuses on the alleged invalidity of a prior conviction used to enhance his sentence. However, in this circuit, the focus for equitable tolling is "on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (per curiam). Petitioner's argument fails to explain why he filed his petition late. Thus, the petition does not allege extraordinary circumstances or that he pursued his rights diligently so as to warrant equitable tolling.

### 3.   *Fundamental Miscarriage of Justice:  Actual Innocence*

Even where there is no basis for tolling, a petitioner can overcome § 2244(d)(1)(A)'s one-year limitation period where he can show a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The "fundamental miscarriage of justice" exception requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (citation omitted). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or . . . expiration of the [AEDPA] statute of limitations." *Id.* at 386.

The actual innocence exception "is exceedingly narrow," *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (per curiam), and requires

a petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence," *id.* at 1011 (cleaned up). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not alleged that there is any evidence, let alone new and reliable evidence, that would demonstrate that he did not commit the offense for which he was convicted, such that no reasonable juror would have found him guilty beyond a reasonable doubt.

### 4. *Summary*

As currently pleaded, neither statutory tolling, nor equitable tolling, nor the actual innocence exception saves the petition from being time-barred under the AEDPA's one-year limitation period.

## C. <u>Dismissal of Disguised 42 U.S.C. § 1983 Claims in this Habeas Corpus Petition</u>

Some of Petitioner's claims seem to indirectly challenge the conditions of his confinement under 42 U.S.C. § 1983. However, Petitioner is a "three-striker" under 28 U.S.C. § 1915(g). In *Burton v. Headley*, Petitioner's § 1983 action was dismissed because he had filed three prior § 1983 actions that had been dismissed as frivolous, malicious, or for failure to state a claim. *See* Case No. 2:25-CV-160 (M.D. Ala. filed

18

Feb 25, 2025), ECF No. 2 (citing *Burton v. President Pro Tempore Senators*, Case No. 2:13-cv-680-WHA-SRW (M.D. Ala. filed Sep. 20, 2013) (dismissed as frivolous or malicious and for failure to state a claim); *Burton v. Crow*, Case No. 3:18-cv-93-WHA-SRW (M.D. Ala. filed Feb. 6, 2018) (same); and *Burton v. Walker*, 3:23-cv-499 (M.D. Ala. filed Aug. 17, 2023) (dismissed as frivolous)). When a prisoner has three or more "strikes" under § 1915(g) and fails to pay the full filing fee at the time he files his civil action, as in *Burton v. Headley*, the complaint must be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Petitioner is advised that he cannot circumvent 28 U.S.C. § 1915(g) by repackaging 42 U.S.C. § 1983 claims as habeas claims in this petition. Two examples illustrate this point.

First, the § 2254 petition seeks $14 million in damages for the alleged constitutional violations. However, monetary damages are unavailable in habeas corpus proceedings. "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Thus, "[i]n the case of a damages claim, habeas corpus is not an appropriate or available remedy." *Id.*

Second, Petitioner alleges that the state officials responsible for his unlawful conviction and sentence are also accountable for the unconstitutional conditions of his confinement.  (Doc. # 1 at 7.)  While the United States Supreme Court has "left open the question" whether a petition for writ of habeas corpus can be used to challenge conditions of confinement, *Ziglar v. Abbasi*, 582 U.S. 120, 144 (2017), there is no precedent in this circuit authorizing such use.  *See, e.g.*, *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law.").

For these reasons, to the extent the petition advances conditions-of-confinement claims and seeks monetary damages, those claims will be dismissed.

## VI.  CONCLUSION

For the reasons set forth above, it plainly appears from the face of the petition that the claims asserted are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  *See* Rule 4, *Rules Governing § 2254 Cases*.  However, because the court has raised the issue of timeliness under § 2244(d)(1)(A) independently, both Petitioner and Respondent will have "an opportunity to present their positions."  *Day v. McDonough*, 547 U.S. 198, 209, 210 (2006).  Petitioner will be allowed to show cause why the petition should not be dismissed as untimely and to address any exceptions to the one-year limitation period, such as tolling and actual innocence, as

set out in this opinion.  He also may file affidavits or other sworn or certified documents to support his claims.  Respondent also will have a chance to respond and inform the court if he intends to waive the timeliness defense.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653, 655 (11th Cir. 2020) (per curiam).

Accordingly, it is ORDERED as follows:

(1)    The Clerk of Court is DIRECTED to terminate Robert Treese, III; Lauryn Lauderdale; Jacob Walker, III; Jessica Ventiere; and Andrew Stanley as Respondents.

(2)    All claims asserted under 42 U.S.C. § 1983 in this petition are DISMISSED without prejudice.

(3)    Petitioner is granted until **March 2, 2026**, to file any brief and supporting materials he deems necessary to show cause why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A).

(4)    Any response Respondent may wish to make to this Memorandum Opinion and Order also must be filed on or before **March 2, 2026**.[9]

(5)    The Clerk of Court is DIRECTED to serve copies of this Memorandum Opinion and Order and the petition (Doc. # 1) on Respondent and the Attorney General of the State of Alabama.

---

[9] Respondent is not required to address any response from Petitioner, unless expressly directed to do so by subsequent order.

It is further ORDERED that Petitioner must immediately inform the court of any change in his address, *i.e.*, if he is transferred to a new facility or released from confinement. Such notice must be provided no later than **14 days** from the date of the change.

Petitioner is CAUTIONED that his failure to comply with any provision of this Memorandum Opinion and Order will result in dismissal, without further notice, for failure to prosecute and comply with an order of the court.

DONE this 9th day of February, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

REL: 05/24/2013

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555



FILED

MAY 24 2013

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**MARY BECKER WINDOM**
Presiding Judge
**SAMUEL HENRY WELCH**
**J. ELIZABETH KELLUM**
**LILES C. BURKE**
**J. MICHAEL JOINER**
Judges

D. Scott Mitchell
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-12-0539

Lee Circuit Court CC-11-404

Morgan Jerome Burton, Jr., alias v. State of Alabama

WINDOM, Presiding Judge.

Morgan Jerome Burton, Jr., appeals his conviction for second-degree rape, in violation of § 13A-6-62, Ala. Code 1975, and his resulting sentence as a habitual offender to 21 years and 3 months in prison. See 13A-5-9(c)(2), Ala. Code 1975. Burton was initially indicted for first-degree rape, in violation of § 13A-6-61, Ala. Code 1975, but later elected to amend the indictment to include the offense of second-degree rape. The jury found Burton guilty of second-degree rape, and the circuit court scheduled a sentencing hearing for December

1

11, 2012. Following the hearing, the circuit court sentenced Burton to 21 years and 3 months in prison. Burton filed his written notice of appeal on December 27, 2012.

On appeal, Burton's appellate counsel filed a brief and a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In her brief, appellate counsel asserted that she had not found any meritorious issues for this Court to review. On March 13, 2013, this Court issued an order stating that Burton had until April 3, 2013, to file any pro se issues. On April 10, 2013, Burton filed his signed pro se issues for this Court's consideration.[1] After thoroughly reviewing the record in this case and Burton's pro se issues, this Court has not found any arguable issues.

Accordingly, the circuit court's judgment is affirmed.

**AFFIRMED.**

Burke and Joiner, JJ., concur.

---

[1]Burton initially filed an unsigned copy of his pro se issues with this Court on April 1, 2013. That same day, the Court ordered Burton to file a signed copy of his pro se issues, pursuant to Rule 25A, Ala. R. App. P., within 14 days.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

D. Scott Mitchell
Clerk
Gerri Robinson
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

June 21, 2013

**CR-12-0539**

Morgan Jerome Burton, Jr., alias v. State of Alabama  (Appeal from Lee  Circuit Court:
CC11-404)

## <u>NOTICE</u>

You are hereby notified that on June 21, 2013, the following action was taken in the above
referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

*D. Scott Mitchell*

D. Scott Mitchell, Clerk
Court of Criminal Appeals

cc: Hon. Jacob A. Walker, III, Circuit Judge
    Hon. Corinne Tatum Hurst, Circuit Clerk
    Lauryn Akens Lauderdale, Attorney
    Morgan Jerome Burton, Jr., Pro Se
    Office of Attorney General

```
FILED
JUN 2 4 2013
```

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**Ct. Ex. 3**

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-12-0539

Morgan Jerome Burton, Jr., alias v. State of Alabama  (Appeal from Lee  Circuit Court: CC11-404)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on May 24th 2013:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness.D. Scott Mitchell, Clerk
Court of Criminal Appeals, on this
the 13th day of September, 2013.



**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Jacob A. Walker, III, Circuit Judge
Hon. Mary B. Roberson, Circuit Clerk
Lauryn Akens Lauderdale, Attorney
Morgan Jerome Burton, Jr., Pro Se
Office of Attorney General

FILED

SEP 1 8 2013

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

**Ct. Ex. 4**

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-12-1532

Ex parte Morgan Jerome Burton, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Morgan Jerome Burton, Jr.)

Lee Circuit Court No. CC-11-404

## ORDER

Morgan Jerome Burton, Jr. filed this petition for a writ of mandamus requesting that this Court direct the circuit court to take some action on his "Affidavit of Truth" that he says he filed in the Lee Circuit Court in May 2013.

This Court cannot direct the circuit court to dispose of a motion that it has no jurisdiction to consider. Recently, this Court in Burton v. State, (CR-12-0539, May 24, 2013), affirmed Burton's conviction for rape. Burton then filed an application for a writ of certiorari to the Alabama Supreme Court. Burton's appeal is not final until this Court issues the certificate of judgment. See Rule 41, Ala. R. App. P. Until the certificate of judgment is issued, the circuit court has no jurisdiction of Burton's case. Accordingly, this petition is hereby **DENIED**.

Windom, P.J., and Welch, Kellum, Burke, and Joiner, JJ., concur.

Done this 9th day of October, 2013.

MARY BECKER WINDOM, PRESIDING JUDGE

cc:     Hon. Jacob W. Walker, III, Presiding Circuit Judge
        Hon. Mary B. Roberson, Clerk
        Robert T. Treese, III, District Attorney
        Morgan Jerome Burton, Jr., pro se
        Office of the Attorney General

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK

OCT 08 2013

FILED

**Ct. Ex. 5**

## THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

## THE ALABAMA COURT OF CRIMINAL APPEALS

CR-12-1532

### Ex parte Morgan Jerome Burton, Jr.

### PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Morgan Jerome Burton, Jr.)

Lee Circuit Court No. CC-11-404

### ORDER

The order issued on October 9, 2013, is hereby set aside and the following order is substituted therefor.

Morgan Jerome Burton, Jr. filed this petition for a writ of mandamus requesting that this Court direct the circuit court to take some action on his "Affidavit of Truth" that he says he filed in the Lee Circuit Court in May 2013.

"We are not inclined to issue writs of mandamus to subordinate courts merely because they have not acted immediately...." Ex parte Wilson, 276 Ala. 281, 281, 161 So. 2d 484, 485 (1964). See also Ex parte Gandy, 276 Ala. 279, 161 So. 2d 483 (1964). The time involved in this case is not unreasonable. Accordingly, this petition for a writ of mandamus is hereby DENIED.

Done this 24th day of February, 2014.

MARY BECKER WINDOM, PRESIDING JUDGE

cc:     Hon. Jacob A. Walker, III, Presiding Circuit Judge
        Hon. Mary B. Roberson, Clerk
        Robert T. Treese, III, District Attorney
        Morgan Jerome Burton, Jr., pro se
        Office of the Attorney General

DOCUMENT 76

ELECTRONICALLY FILED
2/5/2014 3:31 PM
43-CC-2011-000404.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
MARY B. ROBERSON, CLERK

LEE County Circuit Court

**Ct. Ex. 6**

Morgan Jerome Burton Jr.
Defendant   Pro. Say

V.

STATE OF ALABAMA
Plaintiff

) ( Lee Circuit Court: CC-11-404; )
)
)
)    FILED
)
)    FEB 05 2014
)
)    IN OFFICE
      MARY B. ROBERSON
      CIRCUIT CLERK

## Motion TO Reconsideration And Re Sentence

This Motion to Reconsideration and Resentence is requested because of Denial of effective assistance of Counsel during Sentencing hearing. Counsel failed to consider sentencing the defendant under the Truth and sentencing act passed in 2003. On Dec. 11th 2012 LEE County Circuit Court Sentence Mr. Burton under the Truth and Sentencing Worksheet. But under the Habitual offender act Which conflicts With, The Truth and Sentencing Guidelines Which makes the Sentence a Hybrid Sentence Case Refs. S. Strunk V. STATE OF ALABAMA, Ducker V. State of Alabama S. Strunk v. State of ALABAMA 2012 Ala. Crim. Appeal Lexis 60, Ducker v. State of Ala. crim. App 186 So. 2d 1224 Ala. cr.m. App LEXIS 147, Both cases was Hybrid with the Truth and Sentencing act, 2003 act. And Habitual offender act which Mr. Burton was Sentenced under in Dec. 11th 2012. This is the reason Why Mr. Burton request that Motion Your Honorable Judge Jacob A. Walker III

Morgan Jerome Burton Jr.   2-3-14
Morgan Jerome Burton Jr.
Pro. Say

# LEE County Circuit court

Morgan Jerome Burton Jr.
Defendant    pro. say

( LEE circut court", CC-11-404)


V.


## STATE OF ALABAMA
Plaintiff


## Motion To Reconsideration And Resentence

This Motion to Recideration and Resentence is requested because of Denial of
effective ass tance of counsel during Sentencing hearing. Counsel failed to
Consider Sentencing the defendant under the Truth and Sentencing act passed in 2003
on Dec. 11th 2012 LEE county circut Sentence Mr. Burton under the Truth and Sentencing
Worksheet. But under the Habitual offender act which conflicts with, The Truth and
Sentencing guidelines which makes the Sentence a Hybrid Sentence Case Refs:
S Strunk v. State of ALABAMA, Ducker v. STATE OF ALABAMA    , Si Strunk v. STATE OF ALABAMA
Ala. Crim APPals Lexis60 , Ducker v. STATE OF AL.A. Crim APP. 786 1224 Ala. crim. APP. LEXIS147
Both cases was Hybrid with the Truth and Sentencing act 2003 And Habitual offender Act
Which Mr. Burton was Sentenced under in Dec. 11th 2012. This is the reason why Mr. Burton
request that the motion be granted Your Honorable D. A Robert T. Treese III.


                                    Morgan geome Buta gr.    2-3-14
                                    Morgan Jerome Burton Jr.   Pro. say

LEE County Circuit court

Morgan Jerome Burton Jr.
Defendant pro. Say

                )
                )     ( Lee Circuit court CC-11-404)
                )

V.
                )

STATE OF ALABAMA
    Plaintiff
                )

## Motion To Reconsideration And Resentence

This Motion to Reconsideration and Resentence is requested because of Denial of effective assitance of counsel during Sentencing hearing. Counsel failed to consider Sentencing the defendant under the Truth and Sentencing Act passed in 2003 on Dec. 11th 2012 LEE county circuit court Sentence Mr. Burton under the Truth and Sentencing Worksheet. But under the Habitual offender Act. Which conflicts with, the Truth and Sentencing guidelines which makes the Sentence a Hybrid Sentence cases Refs. Sistrunk v. STATE OF ALABAMA, Ducker v. STATE OF ALABAMA, Sistrunk v. STATE OF ALABAMA Ala. Crim Appeals Lexis 60, Ducker v. STATE OF ALABAMA 986 1224 Ala. Crim App. LEXIS 147, Both cases was Hybrid with the Truth and Sentencing Act 2003 And The This is the reason why Mr. Burton request that the motion be granted your Honorable. Circuit Clerk Mary B. Roberson

                                        Morgan gerom Burton Jr.   2-3-14
                                        Morgan Jerome Burton Jr.

Morgan Burton Jr. A.I.S #185415
565 BiBB Lane
Brent, AL 35034

Mary B. Roberson
LEE County Circuit clerk
2311 Gateway Dr.
Opelika, AL 36201

3680168729

BIRMINGHAM
03 FEB 2026

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

ELECTRONICALLY FILED
2/13/2014 9:49 AM
43-CC-2011-000404.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
MARY B. ROBERSON, CLERK

**IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA**

<span style="color:red">**Ct. Ex. 7**</span>

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | Case No.:    CC-2011-000404.00 |
| | ) | |
| BURTON MORGAN JEROME JR | ) | |
| Defendant. | ) | |

**ORDER**

The MOTION TO RECONSIDER filed by BURTON MORGAN JEROME JR is hereby DENIED.

**DONE this 13th day of February, 2014.**

**/s/ HON. JACOB A. WALKER III**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
11/3/2021 6:20 PM
43-CC-2011-000404.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
MARY B. ROBERSON, CLERK

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA            )

                                         )            <span style="color:red">**Ct. Ex. 8**</span>

V.                          )   Case No.:        CC-2011-000404.00

                                         )

BURTON MORGAN JEROME JR      )
Defendant.                  )

## ORDER

The Defendant has filed a Petition for Habeas Corpus.  A petition for Habeas Corpus should be filed in the county where the defendant is incarcerated.  Therefore, this matter is transferred to Elmore County.  However, if the Defendant actually intended to file a Rule 32 petition, he should refile this matter in the Circuit Court of Lee County using the appropriate Rule 32 forms.

**DONE this 3rd day of November, 2021.**

                                       **/s/ HON. JACOB A. WALKER III**
                                       **CIRCUIT JUDGE**