IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN JEROME BURTON, JR., | ) | |
| AIS # 185425, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-CV-757-WKW |
| | ) | [WO] |
| JOSEPH H. HEADLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Morgan Jerome Burton, Jr., a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.  (Doc. # 1.)  Petitioner challenges his 2012 conviction for second-degree rape in the Circuit Court of Lee County, Alabama, after a trial by jury, and the resulting sentence under Alabama's Habitual Felony Offender Act.  In an Order entered on February 9, 2026 ("February 9 Order"), the court found that it "plainly appears" Petitioner is not entitled to relief because his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).  (Doc. # 7 at 1–2 (citing Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*).)  As set out in the February 9 Order, an untimely petition under 28 U.S.C. § 2254 may be considered only if the petitioner demonstrates eligibility for tolling or a fundamental miscarriage of justice.  The February 9 Order explained that

Petitioner had not provided facts to justify tolling or to demonstrate a fundamental miscarriage of justice. However, since the court raised § 2244(d)(1)(A)'s time bar on its own, the February 9 Order permitted both Petitioner and Respondent to present their positions and directed service on Respondent for this limited purpose. (Doc. # 7 at 20–21.)

In his response, Respondent "explicitly asserts" the time bar "as a procedural bar to relief" and agrees with the February 9 Order's conclusion.[1] (Doc. # 13 at 1, 3.) In his response, Petitioner submits his statement, signed under penalty of perjury, in an effort to circumvent the time bar. He claims his conviction is "false" and that "no real evidence" supports it. (Doc. # 10 at 2.) Specifically, he contends that the prosecutor failed to inform the grand jury and the trial jury that "other persons['] D.N.A. was present during D.N.A. testing of the alleged victim." (Doc. # 10 at 4; *see also* Doc. # 10 at 3 (alleging that the "trial prosecutor fail[ed] to fully disclose evidence [that] there was more D.N.A. of other persons" and that Petitioner "was not one of those persons").) He further asserts that the prosecutor was aware that, "by not having D.N.A. evidence of the Petitioner," the victim's testimony was

---

[1] Respondent also supplemented the timeline from the state court record by including the Alabama Supreme Court's denial of Petitioner's petition for a writ of certiorari on September 13, 2013. (Doc. # 13-2; *see also* Doc. # 7 at 13–14.) Despite this additional information that confirms a brief statutory tolling period during the Rule 32 proceedings, *see* 28 U.S.C. § 2244(d)(2), the one-year limitation period under § 2244(d)(1)(A) expired in early 2015. (Doc. # 13 at 5.) Yet, Petitioner did not file his federal habeas petition until late 2024. (Doc. # 1 at 15 (petition signed under penalty of perjury on November 21, 2024).) Statutory tolling cannot save Petitioner's untimely § 2254 petition.

perjured.[2]  (Doc. # 10 at 5.)  As detailed below, Petitioner has not presented facts justifying equitable tolling or demonstrating a fundamental miscarriage of justice so as to excuse the time bar.  Therefore, the petition will be dismissed with prejudice.

## II.  DISCUSSION

### A.   **Equitable Tolling**

Equitable tolling of 28 U.S.C. § 2244(d)(1)(A)'s one-year limitation period applies where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).  Equitable tolling is "an extraordinary remedy" and, thus, is "limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted).  "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam).

Previously, in the February 9 Order, the court found that Petitioner "ha[d] not alleged that extraordinary circumstances prevented him from filing his § 2254 petition on time or that he pursued his rights diligently during the decade between

---

[2] The February 9 Order permitted the parties to file responses by March 2, 2026, and the parties timely adhered to this deadline.  (*See* Docs. # 10, 13.)  Petitioner subsequently filed an additional response, dated March 17, 2026, which is untimely.  (Doc. # 14.)  This late submission will not be considered; nonetheless, even if it were considered, the arguments presented would not alter the outcome.

the state-court judgment's finality and the filing of this petition." (Doc. # 7 at 16.)

As explained:

> The § 2254 form required Petitioner to address the one-year limitation period if the challenged state-court judgment became final over a year ago. Rather than discussing timeliness, Petitioner claimed his injuries resulted from an unconstitutional conviction and sentence under Alabama's Habitual Felony Offender Act, which led to overcrowded prison conditions and an attack by another inmate. This argument focused on the alleged invalidity of a prior conviction used to enhance his sentence. However, in this circuit, the focus for equitable tolling is "on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (per curiam). Petitioner's argument fails to explain why he filed his petition late. Thus, the petition does not allege extraordinary circumstances or that he pursued his rights diligently so as to warrant equitable tolling.

(Doc. # 7 at 16–17.)

In his response to the February 9 Order, Petitioner still has not offered any reason why he filed his petition late. (*See* Doc. # 10.) The petition does not allege extraordinary circumstances or establish that Petitioner pursued his rights diligently so as to warrant equitable tolling. Accordingly, Petitioner does not qualify for equitable tolling of the one-year statutory deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

**B.**     **<u>Fundamental Miscarriage of Justice:  Actual Innocence</u>**

Even where there is no basis for tolling, a petitioner can overcome § 2244(d)(1)(A)'s one-year limitation period where he can show a "fundamental

miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (citation omitted). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar," or, as in this case, the "expiration of the [§ 2254(d)(1)(A)] statute of limitations." *Id.* at 386. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The actual-innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In *Schlup*, the Supreme Court emphasized that to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." 513 U.S. at 327. This is because a defendant who has been convicted by a jury enters the federal habeas court with a "strong—and in the vast majority of the cases conclusive—presumption of guilt." *Id.* at 326 n.42.

The "exceedingly narrow" gateway for establishing actual innocence requires a petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011, 1013 (11th Cir. 2012) (per curiam) (cleaned up). New reliable evidence may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Additionally, the timing of the presentation of the new evidence also is a consideration: "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399; *see also Arthur v. Allen*, 452 F.3d 1234, 1246 (11th Cir. 2006) (viewing exculpatory affidavits "produced at the 11th hour with no reasonable explanation for the nearly decade-long delay" as "suspect" (cleaned up)), *modified on reh'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006). Petitioner is unable to carry this very heavy burden.

Petitioner's assertions consist of his own statements, signed under penalty of perjury, that his conviction is "false" and lacks "real evidence." (Doc. # 10 at 2.) He contends that the prosecutor failed to disclose the presence of other "persons[']D.N.A." during testing and that the prosecutor therefore knew the victim's testimony was false. (Doc. # 10 at 2, 4.) These assertions do not constitute new reliable evidence to show that Petitioner is factually, actually innocent of second-degree rape for which he was convicted by a jury. Petitioner has not submitted exculpatory physical evidence, credible third-party affidavits, or admissible scientific results.

*See Schlup*, 513 U.S. at 324.  He has not shown that any DNA testing inculpated another person as the sole perpetrator.  His conclusory, self-serving assertion of an undeveloped allegation of undisclosed DNA testing is neither substantiated nor shown to be exculpatory to the point of showing factual, actual innocence.  At best, and even this is a stretch, the alleged evidence would have served only to impeach the victim's testimony.  But impeachment evidence "is a step removed from evidence pertaining to the crime itself" and thus "provides no basis for finding" actual innocence.  *Calderon v. Thompson*, 523 U.S. 538, 563 (1998).

Moreover, Petitioner has raised his argument about allegedly suppressed DNA test results more than eleven years after his conviction and sentence and some nine years after the expiration of 28 U.S.C. § 2244(d)(1)(A)'s one-year limitation period for filing a federal habeas petition.  His unexplained, substantial delay in presenting these assertions further undermines any claim that Petitioner has made the requisite gateway showing.  *See McQuiggin*, 569 U.S. at 399.  Petitioner's conclusory claim that DNA evidence was suppressed, made many years after his conviction, without presenting the actual DNA evidence or demonstrating that it shows factual innocence, fails to open the narrow gateway to federal habeas review.

On this record, Petitioner has not carried his burden to invoke the actual-innocence gateway so as to overcome the one-year limitation period. His § 2254 petition is time-barred, and his claims are not subject to federal habeas review.[3]

### III. CONCLUSION

Petitioner did not file this 28 U.S.C. § 2254 petition for a writ of habeas corpus within the one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(A). Additionally, the petition is not eligible for statutory tolling, equitable tolling, or the fundamental-miscarriage-of-justice exception and, therefore, is untimely. Accordingly, the § 2254 petition must be dismissed with prejudice.

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Petitioner has not shown, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[3] Because the petition is being dismissed as time-barred at the preliminary review stage under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the court need not address Petitioner's requests for the transcription of the state trial proceedings. (Doc. # 10 at 3,) *See, e.g.*, *Huenefeld v. Maloney*, 2 F. App'x 54, 60 (1st Cir. 2001) (rejecting the petitioner's "argument that the district court erred in dismissing his habeas application without first procuring and pondering a complete transcript of his trial" because where dismissal is appropriate under Rule 4, "a federal habeas court need not examine the complete trial transcript").

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c).

Therefore, Petitioner will be denied a certificate of appealability.

Accordingly, it is ORDERED that Petitioner's 28 U.S.C. § 2254 petition is DISMISSED with prejudice and that Petitioner is DENIED a certificate of appealability.

Final judgment will be entered separately.

DONE this 26th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE